**In re LYN–DEE DAIRY FARM, INC., Debtor.**

**LYN–DEE DAIRY FARM, INC., Plaintiff,**

v.

**Charles SCHAFSMA; Teresa A. Van Wagner, as personal representative of the Estate of Earl J. Van Wagner; Airport Livestock Corporation, a Florida corporation; and United States of America, acting through Farmers Home Administration, Defendants.**

**Bankruptcy No. 87–1990–BKC–3P2.
Adv. No. 88–34.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 23, 1989.

Lisa C. Cohen, Keystone Heights, Fla., for plaintiff.

Alfred Manheim, Miami, Fla., for Airport Livestock Corp.

Jerry A. Funk, Jacksonville, Fla., Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint seeking (i) to void Airport Livestock Corporation's security interest in livestock and milk proceeds pursuant to 11 U.S.C. § 544, (ii) to recover three preferential payments made to Airport Livestock Corporation prior to the commencement of this case, and (iii) to recover a post-petition transfer of funds to Airport Livestock Corporation pursuant to 11 U.S.C. § 549 and § 550(a).

The trial of this adversary proceeding was held December 15, 1988, and upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

On or about December 3, 1982, the plaintiff contracted to purchase livestock from Airport Livestock Corporation ("Airport Livestock"). To facilitate the purchase, plaintiff executed a promissory note in favor of Airport Livestock for $39,000.00 and granted the seller a security interest in 46 Holstein dairy cows. On December 3, 1982, Airport Livestock filed a UCC–1 Financing Statement evidencing this transaction with the Clerk of the Court for Columbia County, Florida. The financing statement was not signed by the plaintiff.

Plaintiff eventually defaulted under the terms of the promissory note and in December of 1987, Airport Livestock commenced suit in Dade County, Florida, seeking a recovery. Case No. 87–11967(26). A default was entered against Lyn–Dee Dairy Farm, Inc., on May 14, 1987, and Airport Livestock moved for entry of final judgment. A hearing on the motion was scheduled for June 24, 1987.

Prior to the hearing, the plaintiff offered to settle the dispute with Airport Livestock by executing a new promissory note for $42,577.62. In addition, plaintiff consented to a security interest in its milk proceeds (the "Milk Check Assignment") and to a continuation of Airport Livestock's security interest in the cattle. A UCC–1 financing statement as to this milk check assignment was never filed.

Pursuant to the terms of the milk check assignment and prior to the petition for relief, defendant received three payments totaling $4,245.00 from the dairy cooperative where plaintiff sold its milk. These payments were made in September, October and November of 1987, on or after the fifth day of each month (i.e. within 90 days of the petition date). In addition, defendant received a check for $1,415.00 in December, 1988, after the petition had been filed.

On December 4, 1987, Lyn–Dee Dairy Farm filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101, et seq. At the time these payments were made, plaintiff was insolvent in that its debts exceeded its assets. The payments were on account of an antecedent debt and enabled Airport Livestock to receive more than it would have received if the case had been one arising under Chapter 7 of the Bankruptcy Code and the payments had not been made.

This adversary proceeding was commenced by complaint filed February 16, 1988, as amended on May 3, 1988. On June 16, 1988, the United States of America was dismissed as party defendant. On June 23, 1988, default final judgment was entered against defendants Charles Schafsma and Teresa A. Van Wagner, as personal representative of the estate of Earl J. Van Wagner. This left defendant Airport Livestock as the sole remaining defendant in this adversary proceeding.

## CONCLUSIONS OF LAW

■ Section 544(a)(1) of the Bankruptcy Code gives the trustee (debtor-in-possession), the rights and powers of a judgment lien creditor and allows the debtor to void any interest in property which would be voidable by such creditor under applicable state law.

Plaintiff maintains that Airport Livestock's security interest in its dairy cows is voidable under § 544(a)(1) because it is deficient in two respects. First, the financing statement is not signed by the debtor as required by § 679.402(1), Florida Statutes, and secondly, the financing statement lapsed pursuant to § 679.403(2), Florida Statutes, prior to the commencement of this case.

In this regard, § 679.402(1), Florida Statutes, provides:

A financing statement is sufficient if it gives the names of the debtor and the secured party, *is signed by the debtor*, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types, or describing the items, of collateral.... A copy of the security agreement is sufficient if it contains the above information *and is signed by the debtor.* [Emphasis supplied].

Under Florida law, the failure to include debtor's signature on the financing statement results in an unperfected security interest which may be voided pursuant to § 544(a). *In re Group Development Corp.*, 43 B.R. 665 (Bkrptcy.M.D.Fla.1984). Accordingly, the Court holds (i) that Airport Livestock failed to obtain debtor's signature on its financing statement, (ii) that Airport Livestock's security interest in the dairy cows is unperfected, and (iii) that plaintiff is entitled to void this security interest pursuant to 11 U.S.C. § 544(a).

■ Similarly, § 679.403(2), Florida Statutes, provides in relevant part:

[A] filed financing statement is effective for a period of 5 years from the date of filing. The effectiveness of a filed financial statement lapses on the expiration of the 5-year period, unless a continuation statement is filed prior to the lapse.... Upon lapse, the security interest becomes unperfected unless it is perfected without filing. If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse.

In this case, the original financing statement was filed with the Clerk of the Court for Columbia County, Florida, on December 3, 1982. By the terms of § 679.403(2), Florida Statutes, Airport Livestock's security interest lapsed on December 3, 1987, one day prior to the filing of the petition in this case. Defendant had six months prior to the lapse to file a continuation statement pursuant to § 679.403(3), Florida Statutes, but failed to do so. Plaintiff may therefore void Airport Livestock's security interest in the dairy cows.

■ As for defendant's security interest in the milk check assignment, the Court finds that defendant failed to properly perfect its interest in the proceeds by filing a financing statement with the Clerk of the Court for Columbia County, Florida. In order to perfect a security interest in accounts or general intangibles generated from the sale of farm products, one must file a financing statement with the clerk of the court in the county of the debtor's place of business. § 679.401(1)(a)(1), Florida Statutes. Because defendant failed to comply with the statutory prerequisites, its security interest in the milk proceeds is not properly perfected. Accordingly, plaintiff may avoid this interest pursuant to § 544(a).

Turning now to the preference action, the Court finds that plaintiff is entitled to recover $4,245.00 from Airport Livestock pursuant to § 547(b). That section states:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the peti-

tion, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In this case, there can be no dispute that defendant received $4,245.00 on account of an antecedent debt. Furthermore, the payments were made within 90 days of the petition date and enabled the defendant to receive more than it would receive if the case were a case under Chapter 7 and the payment had not. been made. Accordingly, the plaintiff may recover the three milk check assignment payments made to Airport Livestock in September, October, and November, 1987.

Finally, the Court must address the post-petition payment received by Airport Livestock. Section 549(a) of the Bankruptcy Code states:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

In that the Court holds that it will void defendant's security interest in the cattle and milk check assignment, the payment to Airport Livestock made after the commencement of this case is unauthorized under the Bankruptcy Code. Pursuant to § 549(a) and by operation of § 550(a), the plaintiff should recover the $1,415.00 post-petition payment to Airport Livestock.

The Court will, by separate order, enter final judgment in favor of plaintiff (i) voiding Airport Livestock's security interest in plaintiff's dairy cattle and (ii) awarding damages totaling $5,660.00.

### FINAL JUDGMENT

Upon Findings of Fact and Conclusions of Law separately entered, it is ORDERED as follows:

1. Defendant Airport Livestock Corporation's security interest in plaintiff's livestock and milk proceeds is void and of no effect.

2. Final Judgment is entered pursuant to 11 U.S.C. § 547 in favor of the plaintiff and against the defendant, Airport Livestock Corporation, in the amount of Four Thousand Two Hundred Forty-five Dollars ($4,245.00) for which sum let execution issue.

3. Final Judgment is entered pursuant to 11 U.S.C. §§ 549 and 550(a) in favor of the plaintiff and against the defendant, Airport Livestock Corporation, in the amount of One Thousand Four Hundred Fifteen Dollars ($1,415.00), for which sum let execution issue.